54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mamie PARKER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-1053.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1995.
 
 Before: MERRITT, Chief Circuit Judge, LIVELY and KEITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Mamie Parker, appeals from judgment for the defendant in this action brought under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346 & 2671-80 (1988 & Supp. 1991). Because we find no error in the disposition of the case by District Court Judge Nancy G. Edmunds, we will affirm the judgment of the district court.
 
 
 2
 The plaintiff claimed serious personal injuries resulting from an automobile accident. The driver of the other vehicle, Mark Braun, is a Secret Service agent. The plaintiff's automobile was stopped for a traffic light when it was struck from the rear by the government-owned car Braun was operating. The impact was so slight that the plaintiff's car was not damaged at all and the very limited damage to the defendant's automobile (a bent bumper guard) was never repaired.
 
 
 3
 The Federal Tort Claims Act waives the government's immunity from suit for, inter alia, personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b). The collision, which the plaintiff alleged resulted from the defendant's negligence, occurred in Detroit; thus, Michigan's substantive law applied. Applying Michigan's substantive law, including the No-Fault Automobile Insurance Act, MICH. COMP. LAWS ANN. (M.C.L.A.) Sec. 500.3101 et seq., the district court found that although Braun was negligent, his negligence was not the proximate cause of a "serious impairment of bodily function, or permanent serious disfigurement" suffered by the plaintiff. M.C.L.A. Sec. 500.3135(1). Thus, the government was not liable for noneconomic loss claimed by the plaintiff. The plaintiff had settled a claim for loss of wages and benefits with her employer's insurance carrier.
 
 
 4
 There was a substantial conflict in the medical proof presented by the parties, which the district court was required to resolve. In an opinion that surveyed the evidence presented at a three-day bench trial, the court gave specific reasons for concluding that the physical maladies and depression complained of by the plaintiff were not caused by the accident and were not a foreseeable result of the impact. The findings of fact leading to this conclusion are not clearly erroneous and the court committed no error of law.
 
 
 5
 In addition to arguing that the district court's finding that the plaintiff's injuries were not proximately caused by the automobile accident was clearly erroneous, the plaintiff argues on appeal that the district court's decision "was unjustly biased by its undue prejudice against plaintiff-appellant and plaintiff-appellant's counsel." At oral argument counsel for the plaintiff stated that he had objected to the trial court's alleged bias against him and his client, but that Judge Edmunds had refused to recuse herself.
 
 
 6
 An examination of the transcript of proceedings reveals that the plaintiff never filed an affidavit of bias under 28 U.S.C. Sec. 144 either during the trial, at its conclusion, or after judgment had been entered. Furthermore, the plaintiff did not file a motion for new trial seeking to set the judgment aside for the alleged bias of the trial judge.
 
 
 7
 In the absence of an affidavit under Sec. 144, we examine the claim of bias under 28 U.S.C. Sec. 455(b), which provides that a trial judge must disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ...." The transcript reveals that counsel took issue with the trial judge's statement that one of the plaintiff's medical witnesses, Dr. McLaurin, "has a plethora of problems that I am well aware of." Counsel stated to the court in his closing argument: "You've made some comment about knowing about some problems. Maybe you should have made that disclosure before, and disqualified yourself from this case. I don't know. I don't know what it is you're talking about." Counsel went on to state: "Well, you've alluded to something that you apparently, quote, 'know,' outside the scope of this trial." The court immediately responded: "If that's what you inferred from what I said, then I misspoke, and I correct myself. I have no information outside the parameters of this trial."
 
 
 8
 A fair reading of this colloquy does not lead to the conclusion that the district judge had a personal bias or prejudice concerning Mrs. Parker or personal knowledge of disputed evidentiary facts. The judge commented several times that she felt neither the government nor the plaintiff had produced satisfactory medical evidence and, because of this she appointed two expert medical witnesses pursuant to Federal Rule of Evidence 706. Although she was particularly critical of Dr. McLaurin, Judge Edmunds also chastised government counsel for relying on a "hand expert." A judge's expressions of "impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display" do not establish bias. Liteky v. United States, 114 S. Ct. 1147, 1157 (1994). The record before us does not exhibit a one-sided trial in which the trial judge unduly criticized one party while favoring the opposing party in her rulings.
 
 
 9
 We have considered the record in this case, the briefs of the parties, and the oral arguments of counsel and are of the opinion that the judgment of the district court should be affirmed. Accordingly, we AFFIRM on the well-reasoned opinion of the district court.